**RECORD NO. 13-4316**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

# DAVID ANTHONY TAYLOR

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(HONORABLE GLEN E. CONRAD PRESIDING)

**OPENING BRIEF OF APPELLANT
DAVID ANTHONY TAYLOR**

Dennis E. Jones
Kari Elizabeth Jackson,
  Third Year Law Student
DENNIS E. JONES & ASSOCIATES, P.C.
110 Abingdon Pl
Abingdon, VA 24211
(276) 619-5005
dejones@bvu.net

*Counsel for Appellant*                         September 20, 2013

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ......................................................... iii

JURISDICTIONAL STATEMENT ................................................1

STATEMENT OF ISSUES PRESENTED........................................2

STATEMENT OF THE CASE........................................................2

PRETRIAL MOTION...................................................................3

EVIDENCE AT TRIAL.................................................................3

    Evidence with Respect to the Robbery of Worley.................................4

    Evidence with Respect to the Robbery of Lynch ................................6

STATEMENT OF FACTS ............................................................7

SUMMARY OF ARGUMENT ......................................................9

ARGUMENT ...........................................................................10

    I.     STANDARD OF REVIEW ...............................................10

    II.    THE HOBBS ACT AND 924(c) CONVICTIONS SHOULD BE VACATED BECAUSE THE DEFENDANT WAS NOT ALLOWED TO PRESENT EVIDENCE REGARDING INTRA-STATE GROWN MARIJUANA.......................................10

    III.   THE HOBBS ACT AND 924(c) CONVICTIONS SHOULD BE VACATED BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT THE ROBBERIES AFFECTED INTERSTATE COMMERCE.........................................13

A.    To Establish a Hobbs Act Violation, the Government Must Submit Particularized Evidence that Establishes Beyond a Reasonable Doubt that the Alleged Hobbs Act Crime Affected Interstate Commerce ...................................................13

B.    To Establish a Hobbs Act Violation, the Government Must Submit Particularized Evidence that Establishes Beyond a Reasonable Doubt That The Victims of the Alleged Hobbs Act Crime Engaged in Interstate Trafficking of Marijuana......17

C.    The District Court Erred by Denying Taylor's Rule 29 Motion for Judgment of Acquittal ...........................................18

CONCLUSION ........................................................................................18

REQUEST FOR ORAL ARGUMENT ...................................................19

CERTIFICATE OF COMPLIANCE .......................................................19

CERTIFICATE OF FILING AND SERVICE .......................................20

# TABLE OF AUTHORITIES

## CASES

*Crane v. Kentucky*,
    476 U.S. 683 (1986)......................................................................................11

*Daubert v. Merrell Dow Pharms..*,
    509 U.S. 579 (1993)......................................................................................12

*Holmes v. South Carolina*,
    547 U.S. 319 (2006)......................................................................................11

*Pennsylvania v. Ritchie*,
    480 U.S. 39 (1987)........................................................................................11

*Stirone v. United States*,
    361 U.S. 212 (1960)......................................................................................14

*United States v. Alerre*,
    430 F.3d 681 (4th Cir. 2005) .......................................................................10

*United States v. Ham*,
    998 F.2d 1247 (4th Cir. 1993) .....................................................................10

*United States v. Needham*,
    604 F.3d 673 (2nd Cir. 2010) .................................................14, 16, 17, 18

*United States v. Parkes*,
    497 F.3d 220 (2nd Cir. 2007) ......................................................................14

*United States v. Patterson*,
    236 F.3d 848 (7th Cir. 2001) .................................................................15, 16

*United States v. Ryan-Webster,*
    353 F.3d 353 (4th Cir. 2003) .......................................................................10

*United States v. Spagnolo*,
    546 F.2d 1117 (4th Cir. 1976) .....................................................................14

*United States v. Tillery*,
   702 F.3d 170 (4th Cir. 2012) ..........................................................................14

*United States v. Varlack*,
   225 F.2d 665 (2nd Cir. 1955) .......................................................................14

*United States v. Williams*,
   342 F.3d 350 (4th Cir. 2003) .......................................................3, 10, 14, 15

*Washington v. Texas,*
   388 U.W. 14 (1967) ......................................................................................11

## STATUTES

18 U.S.C. §2 ............................................................................................................1
18 U.S.C. §1951 ....................................................................................................18
18 U.S.C. § 1951(a) ......................................................................................1, 2, 13
18 U.S.C. § 3231 .....................................................................................................1
18 U.S.C. 924(c) .....................................................................1, 2, 9, 10, 13, 18
28 U.S.C. § 1291 .....................................................................................................1

Fed. R. App. P. 28 ...................................................................................................1
Fed. R. App. P. 32 ...................................................................................................1
Fed. R. Crim. P. 29 .............................................................................................2, 10

## CONSTITUTION

5th Amendment ......................................................................................................11
6th Amendment ......................................................................................................11

## OTHER AUTHORITIES

National Drug Intelligence Center, Domestic Cannabis Cultivation Assessment,
   July 2009. www.justice.gov/archive/ndic/pubs37/37035/national.htm...................12

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DAVID ANTHONY TAYLOR                                    APPELLANT

v.                                    Record No.  13-4316

UNITED STATES OF AMERICA                              APPELLEE

## OPENING BRIEF OF DAVID ANTHONY TAYLOR

Now Comes the Appellant, David Anthony Taylor [Taylor], and submits his Opening Brief in accordance with FRAP 28 and FRAP 32.

## JURISDICTIONAL STATEMENT

The United States District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231.  The Government alleged that Taylor committed certain crimes punishable by federal statutes, and the offenses are alleged to have occurred within the Western District of Virginia.  *See* 18 U.S.C. §§2, 1951(a) and 924(c), and *JA @ 16 Superseding Indictment.*

This Court has jurisdiction to hear appeals from the United States District Court pursuant to 28 U.S.C. § 1291.

Taylor was sentenced on April 23, 2013, and Judgment was entered against Taylor on April 24, 2013.  *See JA @ 785.*  Taylor noted an appeal on April 25, 2013. *See JA @ 791.*

## STATEMENT OF THE ISSUES PRESENTED

1.    Whether the District Court erred in granting the Government's Motion in Limine precluding evidence by Taylor that intrastate marijuana grown in the Commonwealth of Virginia had no effect on Interstate Commerce.

2.    Whether there was sufficient evidence on which the jury could find the robberies in question affected interstate commerce or that the victims of the robberies were drug dealers engaged in drug trafficking of marijuana in interstate commerce.

3.    Whether the District Court erred by denying Taylor's Rule 29 Motion for Judgment of Acquittal.

## STATEMENT OF THE CASE

On July 26, 2012 Mr. Taylor was named in a 4-count superseding indictment that charged him with two counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) and two counts of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c). *JA @ 16.* October 22 – 24, 2012 Taylor was tried in the Western District of Virginia, Roanoke Division as indicted which resulted in a hung jury.

January 23 – 25, 2013 Taylor was again tried in the Western District of Virginia, Roanoke Division, pursuant to the 4-count superseding indictment. On January 25, 2013 he was acquitted of one count of possessing a firearm in

furtherance of a robbery.  He was convicted of (1) two counts of robbery and (2) one count of using a firearm in furtherance of a robbery.  *JA* @702.

On April 23, 2013, Mr. Taylor was sentenced to, *inter alia*, imprisonment for a term of 336 months.  *JA* @ 777.  On April 24, 2013, the District Court issued a final judgment.  *JA* @ 785.  On April 25, 2013 Mr. Taylor filed a timely notice of appeal.  *JA* @ 791.

## PRETRIAL MOTION

On December 13, 2012 the Government filed a Motion in Limine as to preclude the introduction of evidence or argument that marijuana dealers dealing in marijuana grown "in-state" would not be a violation of the Hobbs Act.  *JA @ 20.* The Government relied upon *United States v. Williams*, 342 F.3d 350 (4th Cir. 2003) in support of the Motion.  Taylor responded with a Motion to Dismiss.  *JA* @ 23.  The District Court conducted a motions hearing on January 3, 2013.  *JA* @ 25.  At the conclusion of the motions hearing the District Court ruled in favor of the Government's Motion in Limine and precluded the introduction of evidence or argument by Taylor that the robbery or attempted robbery of drug dealers who deal only in Virginia-grown marijuana would not violate the Hobbs Act.  *JA* @ 52.

## EVIDENCE AT TRIAL

On January 25, 2013, after a three day trial, Taylor was convicted of two counts of robbery of items having an effect on interstate commerce and one count

3

of possession a firearm in furtherance of robbery. *JA* @ 702. Taylor was acquitted of one count of possessing a firearm in furtherance of a robbery. The first robbery count was with respect to the alleged robbery of one William Thomas Lynch ("Lynch") on 3030 Parham Drive, Roanoke, Virginia which occurred on October 21, 2009. The second alleged robbery was of one Josh Worley ("Worley") on 3343 Ridgerun, Roanoke, Virginia which occurred on August 27, 2009. Taylor was also convicted of possessing and/or using a firearm in connection with the alleged robbery of Worley.

**Evidence with Respect to the**
**Robbery of Worley**

The Government's case against Taylor for the robbery of Lynch was comprised principally of the testimony of cooperating witnesses, George Fitzgerald ("Fitzgerald"), the organizer of the robberies and Anthony Claytor ("Claytor"), an accomplice.

According to the testimony of Fitzgerald, he, Claytor, Taylor and Dejuan Lemons ("Lemons") on the evening of August 27, 2009 travelled to 3433 Ridgerun, Roanoke, Virginia with the intent to rob Worley. Fitzgerald had been told that Worley was a marijuana dealer with access to drugs and cash. *JA* @ 90: 1-15; 95: 2-3; 113: 9-18. He had no specific knowledge that drugs would be found. *JA* @ 180-181: 16-25, 1-6.

4

Upon arriving at the residence Taylor kicked the door open. Taylor, Lemons and Fitzgerald entered the residence and made their way to the bedroom where Worley and his live-in girlfriend, Latasha Graham ("Graham") were found. *JA @ 91: 17-18; 93: 5-14.* Claytor waited outside the residence. *JA @ 95: 4-7.*

During the course of the robbery no marijuana, drugs or money was found by the trio. Fitzgerald testified that Taylor removed rings from the finger of Graham, taking the rings and some money from a pocketbook on the bedroom dresser. *JA @ 95:18-25; 171: 1-6.* The trio then left the Worley residence.

Claytor testified that all four entered the residence and that Lemons was responsible for the forced entry. *JA @ 338: 17-22; 339: 6-9; 346: 8-10.*

Worley, age 24, testified that he resided in the residence with his girlfriend, Graham, and her two children. *JA @ 237-238: 25, 1.* He provided testimony that he was not a drug dealer and specifically was not selling exotic weed. *JA @ 241: 3-15; 260: 5-19.* He testified that he had no drugs or money in the residence at the time of the robbery. *JA @ 247: 1-2.*

Graham, age 27, testified that on the evening of August 27, 2009 three men came into their bedroom and they were robbed. *JA @ 205: 2-5.* Graham had smoked marijuana from high school up to the time of the robbery, but neither she nor Worley sold marijuana or any other drugs. *JA @ 273: 6-20.* When the three men entered the bedroom they stated they were looking for money and weed and

5

she advised they didn't have any.  *JA* @ 280, 281: 17-25, 1-7.  The net proceeds taken during the robbery was $40 and jewelry.  *JA* @ 286, 287: 20-15, 1-25.

There was no testimony that either Worley, Graham or the children residing in the residence were drug dealers or that anyone possessed marijuana or any other narcotics at the time of the robbery.

**Evidence with Respect to
Robbery of Lynch**

Fitzgerald was again called by the Government as a principal witness in the Lynch robbery.  He testified that a Chris Nichols and his cousin had robbed a guy for 20 pounds of marijuana in front of the Lynch residence and that he expected to find marijuana and probably money.  *JA* @ 421: 13-18; 244: 7-8; 425: 7-9.  The Lynch robbery was carried out by himself, Lemons and Taylor.  *JA* @ 355: 4-5.  After entering the residence the trio controlled the residents and Fitzgerald question Lynch about the presence of weed.  Lynch denied that there was weed in the house and stated a guy named Mark had weed.  *JA* @ 427: 1-13.  After determining that there was no weed or money in the residence the trio left the residence.  *JA* @ 361: 1-3.

During questioning by the District Court, Fitzgerald testified they were operating in the blind and didn't know if there would be marijuana and/or money present.  This was described as "hit or miss" operation, by Fitzgerald.  *JA* @ 435, 436: 20-25, 1-18.

Whitney Lynch, wife of Lynch, testified that she was in a bedroom when the trio entered and that she was questioned about money and weed repeatedly, but responded that they had no money, weed or safe. *JA @ 442: 4-6, 18-19.* During the time the trio was in the Lynch residence the only thing that was taken was a cell phone. *JA @ 445: 15-17.* Following a thorough search of the residence one of the three said "everybody out of the house. Let's go" the trio then left. *JA @ 444: 7-13.* Mrs. Lynch testified on cross examination that neither she nor her husband dealt in drugs, including but not limited to marijuana and that she had no knowledge of a previous drug robbery at or near her home of 20 pounds of marijuana. *JA @ 457, 457: 23-25, 1-17.*

The Government never called Chris Nichols to the stand to testify regarding the alleged 20 pound marijuana robbery. There was no testimony from any witness that marijuana or any other drugs were present in the residence at the time of the robbery. To the contrary the testimony established that there was no marijuana or any other drugs present and that neither Mrs. Lynch nor Mr. Lynch were drug dealers, specifically marijuana distributors.

## PROCEDURAL HISTORY

At the conclusion of the evidence Taylor moved to strike the Government's case resulting from the failure of the Government to prove the jurisdictional element of interstate commerce. This motion was denied with the ruling that the

District Court believed there was sufficient evidence to satisfy the interstate commerce requirement based upon an attempt to steal drugs and that drugs were the type commodity that impacted interstate commerce. *JA @ 600, 601: 10-25, 1-7.*

The jury heard arguments and was then instructed as to the law of the case regarding Counts One and Three. Specifically as to the element of interstate commerce "I tell you that the government has met its burden of proof if you find and believe from the evidence beyond a reasonable doubt that the defendant reduced the movement of articles and commodities in interstate commerce, in this case illegal drugs and drug proceeds, or attempted to do so by the robberies charged in Counts one and Three." *JA 672, 674: 21-25, 1.*

Following deliberations Taylor was found guilty as to Counts One, Three, and Four and acquitted of Count Two. *JA @ 702-703.*

Taylor then made a motion to set aside the jury's verdict as being contrary to the law and evidence based upon the Government's failure to prove the element of interstate commerce. *JA @ 697: 1-6.* The Trial Court denied the motion reasoning "that if the jury is satisfied beyond a reasonable doubt that the defendant engaged in a Hobbs Act robbery, the object of which was to recover drugs from a drug dealer, that suffices to satisfy the interstate commerce requirement under the Hobbs Act." *JA @ 697, 698: 21-25, 1-5.*

## SUMMARY OF ARGUMENT

The Trial Court erred in granting of the Motion in Limine made by the Government to preclude evidence of intra-state grown marijuana would not violate the Hobbs Act. The Hobbs Act contains a jurisdictional requirement that the particular offense be connected to interstate commerce. Here the particular offense stated in the Indictment was the robbery of marijuana drug dealers.

Mr. Taylor's two Hobbs Act convictions and the associated 924(c) convictions, should be vacated because the Government failed to submit any admissible evidence that the purported victims of those alleged crimes engaged in the interstate trafficking of narcotics—or any other activity affecting interstate commerce.

Rather, with respect to the two robbery counts, the Government relied exclusively on the testimony of Fitzgerald and Claytor to establish that the two victims, Worley and Lynch, trafficked in marijuana. But, as Worley, Graham and Mrs. Lynch made clear in their testimony they did not traffic in drugs, including but not limited to marijuana.

With respect to the Hobbs Act counts, the Government failed to submit any "particularized" evidence that any of the alleged victims engaged in the interstate trafficking of narcotics.

The District Court erred by not granting Mr. Taylor's Rule 29 motion with respect to all of the Hobbs Act counts, as well as the associated 924(c) Count.

These convictions should now be vacated.

## ARGUMENT

### I.    STANDARD OF REVIEW

Evidentiary rulings, including but not limited to motions in limine are to be reviewed for an abuse of discretion. *United States v. Ham*, 998 F.2d 1247 (4th Cir. 1993).

Sufficiency of the evidence challenges are reviewed *de novo*. *United States v. Ryan-Webster,* 353 F.3d 353, 359 (4th Cir. 2003).

Denials by a district court of Fed. R. Crim. P. 29 motions are to be reviewed *de novo*, with the appellate court applying the same standard of sufficiency as a district court would apply on hearing the motion at trial. *United States v. Alerre,* 430 F.3d 681 (4th Cir. 2005).

### II.    THE HOBBS ACT AND 924(c) CONVICTIONS SHOULD BE VACATED BECAUSE THE DEFENDANT WAS NOT ALLOWED TO PRESENT EVIDENCE REGARDING INTRA-STATE GROWN MARIJUANA.

The Government filed its Motion In Limine As To Interstate Commerce (App. 20) seeking to preclude the admission of evidence regarding intrastate grown marijuana relying on *United States v. Williams,* 342 F.3d 350 (4th Cir. 2003). In *Williams* this Court held "Drug dealing, to repeat, is an inherently economic

enterprise that affects interstate commerce . . . For this reason, the robbery of a drug dealer has been found to be the kind of act which satisfies the "affecting commerce" element of the Hobbs Act, inasmuch as such a robbery depletes the business assets of the drug dealer." (Citation omitted). *Id.* at 355. The District Court ruled that the defendant may not present any evidence or argument that the robbery or attempted robbery of drug dealers who deal only in Virginia grown marijuana would not violate the Hobbs Act. (*JA* @. 52 : l. 18-22). This ruling effectively denied the defendant of his *Sixth Amendment* right to make a defense.

Whether grounded in the *Sixth Amendment* or the *Fifth Amendment* guarantee of due process, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina,* 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky,* 476 U.S. 683, 690 (1986)). This right includes, "at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie,* 480 U.S. 39, 56 (1987); *accord Washington v. Texas,* 388 U.W. 14, 19 (1967) ("The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts . . . . [The accused] has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.")

A 2009 Report of the National Drug Intelligence Center[1] suggest that domestic marijuana cultivation is occurring at high levels and eradication is increasing across the United States. Table 2 of the report addresses the domestic marijuana eradication of indoor and outdoor plant seizures during 2008. There were a combined total of 19,239 plants seized and destroyed from indoor and outdoor sites in Virginia

If permitted to do so, Taylor could very possibly have developed evidence based on the 2009 Report to buttress his defense theory, that robbing intra-state drug dealers is not a violation of Hobbs Act. The 2009 Report is reliable, it was prepared by law enforcement in their fight against drugs, and the authors presumably have every reason to ensure that the information the 2009 Report contains is accurate. The 2009 Report could have been introduced as evidence and/or experts could have elaborated on the information therein. It is beyond dispute that proper expert testimony is capable of evaluation by a jury. *See Daubert v. Merrell Dow Pharms..,* 509 U.S. 579, 595-96 (1993).

Precluded from presenting evidence about intra-state grown marijuana, Taylor was confined to poking holes in the Government's case and, as his trial lawyer argued (*JA* @ 576-580) to no avail in closing, holding the Government to its burden of proof. Taylor was, quite literally, prevented from making his defense.

---

[1]   National Drug Intelligence Center, Domestic Cannabis Cultivation Assessment 2009, July 2009. www.justice.gov/archive/ndic/pubs37/37035/national .htm.

A violation of the right to present a defense requires reversal of a guilty verdict unless the Government can convince this Court that the error below was harmless.

## III. THE HOBBS ACT AND 924(c) CONVICTIONS SHOULD BE VACATED BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT THE ROBBERIES AFFECTED INTERSTATE COMMERCE.

The jury convictions as to the Hobbs Act and 924(c) counts should be vacated because the Government failed to provide sufficient evidence that the alleged incidences affected interstate commerce.  The Government failed to present sufficient evidence necessary to meet its burden that each of the alleged Hobbs Act robberies and robbery victims trafficked marijuana or any other narcotic in interstate commerce.

The District Court thus erred by not granting Mr. Tylor's Rule 29 motion for judgment of acquittal seeking dismissal of the Hobbs Act and 924(c) counts  of the indictment.

### A. To Establish a Hobbs Act Violation, the Government Must Submit Particularized Evidence that Establishes Beyond a Reasonable Doubt that the Alleged Hobbs Act Crime Affected Interstate Commerce.

The Hobbs Act prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." *18 U.S.C. § 1951(a)*.  "[T]hus, the two elements of a Hobbs Act crime are:  (1) robbery or extortion, and (2) interference with

13

commerce." *Stirone v. United States,* 361 U.S. 212, 218 (1960); *see United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012); *United States v. Parkes,* 497 F.3d 220, 229 (2nd Cir. 2007). The Hobbs Act applies "criminal sanctions to acts constitution extortion or robbery or attempts or conspiracies to commit such acts provid[ed] . . . that the conduct obstructed, delayed, affected, or in some other way related to interstate or foreign commerce or the movement of commodities in such commerce." *United States v. Varlack,* 225 F.2d 665, 671 (2nd Cir. 1955).

Because "Congress exercised the full extent of [its] authority . . . to punish interference with interstate commerce," this Court has explained that the Hobbs Act's jurisdictional predicate is satisfied where the instant offense has a "minimal effect" on interstate commerce. *United States v. Williams,* 342 F.3d 350, 354 (4th Cir. 2003) (citing *United States v. Spagnolo,* 546 F.2d 1117, 1119 (4th Cir. 1976)).

"[T]he jurisdictional element of the Hobbs Act must be found by a jury beyond a reasonable doubt, even where the underlying robbery involved illegal narcotics." *United States v. Needham,* 604 F.3d 673, 675 (2nd Cir. 2010); *see also Parkes,* 497 F.3d at 230.

This Court has held that drug dealing is an inherently economic enterprise that affects interstate commerce. *Williams, 342 F.3d at 355.* The District Court impliedly relied on *Williams* in denying the motion for judgment of acquittal. Williams had joined a group that hatched plans to rob drug dealers for their drugs

14

and money.  One such target of the plan was Kirktrick Cooper, a man with whom one of the group had previously had three drug dealings in 1999, recently receiving a kilogram of cocaine.  Cooper was ultimately robbed of $1,000, several ounces of cocaine and fatally shot.  Williams, a member of the group, was later charged in a five-count indictment with drug, weapons, and robbery offenses stemming from the incident.  The evidence included a stipulation in which Williams conceded, among other things, that "drug trafficking is a business that involves interstate commerce with the interstate commodities being cocaine and crack cocaine and proceeds from drug distribution."  *Williams* 342 F.3d at 353.  In essence the jurisdictional element of interstate commerce was stipulated too and did not require further proof.  In the instant case there was no such stipulation or other evidence offered to meet the Government's burden of proof as to the jurisdictional element of interstate commerce.

The Seventh Circuit in *United States v. Patterson*, 236 F.3d 848 (7th Cir. 2001) reversed a Hobbs Act conviction in a case involving robbery of marijuana dealers.  Patterson was a member of a gang that robbed James Estep of thirty pounds of bricked marijuana, $18,000 cash and three guns.  Paterson was indicted for Hobbs Act robbery, carrying a firearm during the commission of the crime and attempted robbery of an enterprise affecting interstate commerce.  In Patterson, expert testimony was received that marijuana "normally" is of extra-jurisdictional

15

origin, and it was "highly unlikely" that marijuana was grown in state. The Seventh Circuit held that the Hobbs Act does not federalize all robberies because all robberies per se affect interstate commerce; rather, it applies only to robberies with the proven effect. *Patterson,* 236 F.3d at 852. The Seventh Circuit held that "the Hobbs Act requires individualized proof that the robbery charged affected interstate commerce. Therefore, it cannot be assumed that Estep's drug business was interstate in nature." *Patterson,* 236 F.3d at 855. Patterson's convictions were reversed since evidence beyond a reasonable doubt as to any impact on interstate commerce was lacking to sustain the Hobbs Act convictions.

The Second Circuit Court of Appeals has ruled that evidence of the theft of marijuana and/or the proceeds derived from the sale of marijuana, alone, does not establish a potential effect on interstate commerce, in absence of some evidence that marijuana taken originated from outside the jurisdiction. Unlike other drugs, marijuana could have been grown, processed and sold within a single state. *United States v. Needham, supra.* The *Needham* Court distinguished marijuana from cocaine for purposes of the Hobbs Act, because cocaine is exclusively of foreign origin, whereas marijuana may be grown within a single state. The *Needham* Court held that "[I]n every case, the government must prove that the alleged offense had some effect on interstate commerce – not simply that the general activity, taken *in toto,* has such an effect. The purpose of this requirement is to

16

avoid transforming every robbery and extortion, which are quintessential state crimes, into federal offenses." *Needham,* 604 F.3d at 698 (internal citations omitted). Applying these principals and the lack of evidence of interstate commerce, the conviction of Needham was reversed.

**B.    To Establish a Hobbs Act Violation, the Government Must Submit Particularized Evidence that Establishes Beyond a Reasonable Doubt That The Victims of the Alleged Hobbs Act Crime Engaged in Interstate Trafficking of Marijuana.**

As explained above, the Government submitted no evidence that narcotics were involved in the robberies or that either of the victims trafficked in marijuana. The Government provided no particularized evidence that marijuana at issue in the alleged crimes affected interstate commerce.

The Government's case with respect to the robbery of Worley rests on an unknown person telling Fitzgerald that Worley was a drug dealer. The Government's evidence from Worley and others clearly proves that neither Worley nor anyone residing in the residence were drug dealers. The Government's case with the Lynch robbery suffers from the same defect. Fitzgerald presented testimony that these robberies were "hit or miss" operations. *JA @ 435.*

At most, the Government's evidence established that the alleged Hobbs Act crimes targeted drug proceeds. This is not enough to satisfy the jurisdictional element of the Hobbs Act. *See Needham*, 604 F.3d at 680, 681 (finding that "the government offered little or no direct evidence supporting the jurisdictional

17

element" where the Government "presented no proof that the marijuana sold by the victims had originated out of state, that it was sold to out-of-state customers, that the victims themselves crossed state lines in conducting their business, or that the robbery depleted assets that would have purchased goods in interstate commerce").

Rather, the Government was required to present evidence regarding the "specific interstate effects of [the] transaction or offense." *Needham,* 604 F.3d at 683. The Government failed to meet that burden and there is insufficient evidence to support any of the Hobbs Act Convictions.

### C.   The District Court Erred by Denying Taylor's Rule 29 Motion for Judgment of Acquittal.

The District Court erred by denying Mr. Taylor's Rule 29 motion seeking dismissal of the Hobbs Act counts and 924(c) count in light of the Government's failure to present any particularized evidence that either of the victims, Worley and Lynch, engaged in any interstate activity, much less interstate drug trafficking. Given that there was simply no testimony whatsoever regarding this key issue, The District Court erred in not granting the Rule 29 Motion for Judgment of Acquittal.

### CONCLUSION

For the foregoing reasons, Defendant Appellant David Anthony Taylor's Hobbs Act convictions pursuant to 18 U.S.C. §1951, and the associated conviction under 18 U.S.C. §924(c), should be vacated.

## REQUEST FOR ORAL ARGUMENT

Counsel for Appellant request that this Court grant oral argument.

Respectfully submitted,
DAVID ANTHONY TAYLOR
Appellant

/s/ *Dennis E. Jones, Esq.*
DENNIS E. JONES, ESQ
VA State Bar #: 14007
*/s/ Kari Elizabeth Jackson*
KARI ELIZABETH JACKSON,
Third Year Law Student
Counsel for the Appellant, David Anthony Taylor
Dennis E. Jones & Associates, P.C.
110 Abingdon Pl.
Abingdon, VA 24211
(276) 619-5005
FAX: (276) 619-5006
dejones@bvunet.net

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because this brief contains 4192 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief has been prepared in a proportionally spaced typeface, Times New Roman, 14 point font using Microsoft Word.

This the 20th day of September, 2013.

*/s/ Dennis E. Jones*
DENNIS E. JONES, ESQ.
Counsel for the Appellant,
David Anthony Taylor

19

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that the foregoing Appendix and Appellant's Brief was electronically filed on the 20th day of September, 2013 using the CM/ECF filing system and thus served by notice of such filing upon the attorney for the United States, Assistant United States Attorney's, R. Andrew Bassford, and Jennifer S. DeGraw United States Attorney's Office, P.O. Box 1709, Roanoke, VA 24008.


*/s/ Dennis E. Jones*
DENNIS E. JONES, ESQ.
Counsel for the Appellant,
 David Anthony Taylor